IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD SUTTON, #210657, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-0003-MEF |
| | ) [WO] |
| | ) |
| ALABAMA PARDON & PAROLES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 2, 2008, Ronald Sutton ["Sutton"], a state inmate and frequent litigant in the federal courts of this state, filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Plaintiff's Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] The

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further "held that § 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to the effective date of the PLRA. *Id.* at 728-30." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Eleventh Circuit has repeatedly

> held that "[t]he *only* exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir.1998) (emphasis added).

*Simmons v. Zloch*, 148 Fed.Appx. 921, 922 (11th Cir. 2005).

Federal records establish that Sutton, while incarcerated, has on at least five occasions had 42 U.S.C. § 1983 cases and appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The civil actions on which the court relies in finding a violation of § 1915(g) by Sutton are as follows: (1) *Sutton v. Riley, et al.*, Civil Action No. 2:07-CV-262-MHT (M.D. Ala. 2007); (2) *Sutton v. Riley, et al.*, Appeal No. 07-12645-B (11th Cir. - September 10, 2007) (appeal frivolous); (3) *Sutton v. Strapmen, et al.*, Civil Action No. 7:05-CV-2026-RDP-TMP (N.D. Ala. 2006); (4) *Sutton v. Price, et al.*, Civil Action No. 7:05-CV-1888-RDP-TMP (N.D. Ala. 2006); and (5) *Sutton v. Hale, et al.*, Appeal No. 04-11804-G (11th Cir. - October 14, 2004) ("[T]he appeal is dismissed because it is frivolous.").[2]

In the complaint now before the court, Sutton challenges the procedures used in 2006 by the Alabama Board of Pardons which resulted in a decision to deny him release on parole. The allegations made the basis of the instant complaint fail to demonstrate that Sutton was "under imminent danger of serious physical injury" at the time he filed this cause of action which is essential to meeting the "imminent danger" exception to

---

[2]The requisite dismissals are indicated on the docket sheets maintained in the referenced cases.

application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present imminent danger to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Moreover, the court notes that the mere fact an individual is subject to incarceration and the perils inherent therewith does not constitute the "imminent danger" element of 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes that Sutton's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Sutton failed to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Ronald Sutton on January 2, 2008 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Sutton's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before January 28, 2008 the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of January, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE