IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

Mr. Ronald Sutton. Pro Se,

   *Plaintiff,*

vs.

          Civil Action No. 2:08-CV-0003 MEF
          [WO]

ALABAMA PARDONS & PAROLES, et., al.

   *Defendant(s).*

## OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION

***Comes now,*** Plaintiff, Mr. Sutton, Pro Se and without founds to afford counsel, to pay filing fees, after being sworn on oath disposes and states as follows: that Mr. Sutton is over twenty-one (21) years of age, and is of sound mind, that each issue memorandum supporting the laws cited herein or Supreme Court precedent. Plaintiff's financial status has not changed since his trial proceeding. Plaintiff is a state prisoner proceeding Pro Se. Plaintiff seeks relief pursuant to **24 U.S.C. §1983** and has requested leave to proceed ***in forma pauperis*** pursuant to **28 U.S.C. §1915**. This proceeding was referred to Honorable Magistrate Judge Susan Russ Walker. Plaintiff has submitted a declaration that makes the showing required by section 1915(a).[1] Accordingly, the request to proceed *in forma pauperis* will be granted. **28 U.S.C.A. §1983** and **28 U.S.C.A. §1915 A (b)**. If the allegations of the complaint are proven, Plaintiff has a reasonable opportunity to prevail on the merits of this action.

---

[1] A partial dismissal-an order that throws out some claims, but lets the rest of the case go forward-is not a strike. A case that you voluntarily withdraw will usually not be considered a strike. A dismissal is not a strike if it is impossible to tell what the basis for the dismissal was. The Three Strike Provision does not apply when a prisoner is in "To meet this requirement, the injury does not need to be so serious as to be an Eighth Amendment violation. The risk of future injury is enough to invoke the imminent danger exception.

1

## JURISDICTION I.

Mr. Sutton states that the Magistrate's recommendation is in error. In retaliation by the Governor Bob Riley, Attorney General Troy King, Commissioner Richard F. Allen, The Alabama Board of Pardons and Paroles, et., al., did conspire together in transferring the Plaintiff to Tutwiler, Mississippi and West Carroll, Louisiana in retaliation of civil actions brought against them in his **42 U.S.C. §1983.** The Magistrate's records are incorrect. Civil actions filed against the name Defendants were transferred from this court to the Northern District of Alabama and consolidated. **Sutton v. Riley, et., al., No. 07-12645-B, Action No. 2:07-CV-262-MHT (N.D.Ala.2007); Sutton v. Strapman, et., al., Civil Action No. 7:05-CV-2026-RDP-TMP (N.D.Ala.2006).** This civil action was pending in the Northern District when Plaintiff Mr. Sutton was transferred to Louisiana. The Defendants were never notified of the civil action pending. This blind justice by this court. **Sutton v. Price, et., al., Civil Action No. 7:05-CV-1888-RDP-TMP (N.D. Ala.2006);** this case is still pending in the 11th Circuit Court of Appeals. **Sutton v. Hale, et., al., Civil Action No. 04-11804-G (11thCir. Oct. 14, 2004);** this case was never docketed or appealed. To determine whether prisoner's complaint is frivolous under statue governing proceedings *in forma pauperis* **[28 U.S.C.A. §1915(d)],** court must inquire whether there is arguable factual and legal basis, of constitutional dimension, for asserted wrong and this inquiry

2

involves focusing precisely on prisoner's factual allegations. District court abused its discretion by dismissing as frivolous indigent inmate's **in forma pauperis §1983** claim without first giving prisoner a chance to further develop his factual allegations; none of inmate's allegations was pure fantasy or was based on legally inarguable position. The principle vehicles which have evolved for remedying inadequately in pleadings are the *Spears* hearing and a questionnaire to "bring into focus the factual and legal bases of prisoners' claims." The court *a' quo* used neither. Mr. Sutton contends that the PLRA's filing fee requirements fail equal protection rational basis review and thus deny him due process under the Fifth Amendment. "The first step in determining whether legislation survives rational-basis scrutiny is identifying a legitimate government purpose-a goal-which the enacting government body *could* have been pursuing." <u>Haves v. City of Miami, 52 F.3d 918, 921 (11<sup>th</sup>Cir.1995)</u>. "The second step of rational-basis scrutiny asks whether a rational basis exists for the enacting governmental body to believe that the legislation would further the hypothesized purpose." **<u>Haves, 525 F.3d at 92</u>**. For a prisoner who qualifies for poor person status, therefore, no incentive to limit suites to cases that have some chance of success. Next, Mr. Sutton contends that the fee provisions of the **PLRA** stand in apparent conflict with **Federal Rule of Appellant Procedure 24(a),** which states that once a district court grants a party's motion to proceed **IFP,** "the party may proceed without further application to the court of appeals and without

3

prepayment of fees of costs in either court or the giving of security therefore." **Fed.R.App.P. 24(a)**. The First Circuit recently considered this issue and cited authority for the proposition that "statute passed after the effective date of a federal rule repeals the rule to the extent that it actually conflicts." <u>**Jackson v. Stinnett, 102 F.3d 132, 135 (5$^{th}$Cir.1996)**</u>. The Plaintiff contends that he has pending **42 U.S.C. §1983's** in the federal courts. This Magistry, Susan Russ Walker, is trying to mislead this court. She transferred the Plaintiff's complaint from this court to the Northern District of Alabama and consolidated. This civil action is still pending. This cannot be used the second time to deny Plaintiff access to the courts. This is clearly established constitutional law. The language of section **1915(e)(B)(ii)** tracks the language of **Federal Rule of Civil Procedure 12(b)(6)**, and we will apply **Rule 12(b)(6)** standards in reviewing dismissals under section **1915(e)(2)(B)(ii)**. Of course, we review dismissal under **Rule 12(b)(6) de novo,** viewing the allegations in the complaint as true. E.g., <u>**South Fla. Water Management Dist. v. Montalvo, 84 F.3d 402, 406 (11$^{th}$Cir.1996)**</u>. "To state a first amendment claim for retaliation, a prisoner need not allege violation of a separate and district constitutional right ... The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." <u>**Thomas v. Evens, 880 F.2d 1235, 1242 (11$^{th}$Cir.1989)**</u>. In <u>**Bridges v. Russell, 757 F.2d 1155, 1157 (11$^{th}$Cir.1985)**</u>, we reversed the dismissal of a complaint where the prisoner-Plaintiff alleged that official

4

transferred him from to another facility because he (1) filed a grievance against his work supervisor alleging racial discrimination in the assignment of work duties; (2) actively encouraged other inmates to sign a petition in protest of this treatment; and (3) prepared a similar grievance on behalf of another inmate. It is my view that in this section, Congress has deprived prisoners and other indigents of a sufficient procedural right that noninstitutionalized paying litigants enjoy, and has not provided a rational justification for this differential treatment. **_Kelley, 463 F.2d 1210 (5<sup>th</sup>Cir.1972)_**, and the inmate's First Amendment rights. See **_Bridges v. Russell, 757 F.2d 1155 (11<sup>th</sup>Cir.1985)_**. The district court erred in dismissing the retaliation claim for failure to state a claim for which relief can be granted. Provisions of the First Amendment were incorporated with the provisions of the Fourteenth Amendment to become applicable to the states. **_U.S.C.A. Const. Amend. 1, 14._** As stated above, **_Wildberger_** averred that his constitutional rights had been violated since, as he alleged, he had been disciplined because he filed several grievances in the past. He claim this is a clear case of an inmate being punished for exercising his First Amendment right to "freedom of speech" and his right "to petition the government for redress of grievance." Dismissal will not count against the Plaintiff until he has exhausted or waived all of his appeals. Under the **safety-valve provision** of **in forma pauperis (IFP)** fee provisions of the *Prison Litigation Reform Act (PLRA)*, an inmate's civil rights action should not have been dismissed for failure to pay initial filing fee, as the sole reason inmate failed to pay the fee was lack of funds available to him when payment was ordered. **_28 U.S.C.A. §1915(b)(4)._**

5

CONSTITUTIONAL LAW II.

Mr. Sutton states that transference of prisoner from one facility to another can constitute deprivation of prisoner's First Amendment rights, regardless of whether prisoner has protected interest under state law in remaining in first facility, under the *U.S.C.A. Constitution Amendment 1st, 8th, and 14th*, which in this case was Bibb County Correctional Facility, being shackled and held at gunpoint to Tutwiler, Mississippi, from there to Kilby Correctional Facility, back to Bibb County Correctional Facility, then to West Carroll Detention Facility in Louisiana, and is presently housed at the Limestone Correctional Facility. Due to the overcrowding facilities within the Alabama Department of Corrections, the Plaintiff, a citizen of the United States, brought this action Pro Se under *42 U.S.C.A. §1983*. He alleged in part that the Defendant(s), who are State Governmental officials as well as prison officials, transferred him to the out-of-state Correctional Facilities in retaliation for exercise of his rights under the First Amendment to the Constitution of the United States. The district court abused its discretion by dismissing the complaint prior to service on the Defendant(s), holding that the Plaintiff had not shown any liberty interest, created by state law, in remaining at the former facility. Because a deprivation of rights guaranteed by the First Amendment can occur regardless of whether interests a prisoner may have under state law, we reverse. The district court based its decision on a passage from the Supreme Court's opinion in

6

*Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). "For the sake of orderness, Plaintiff points out that *Fed.R.Civ.P. 15(a)*, allows a Plaintiff to amend complaint as a matter of course at any time before a responsive pleading is served." As the Defendant(s) has not been served when the Plaintiff was ordered to filed a "show cause" order, District Court abused its discretion by dismissing the *42 U.S.C. §1983*. This type of retaliation violates both the inmate's right of access t the courts, *Hooks v. Kelly, 463 F.2d 1210 (5 Cir.1972)*, and the inmate's First Amendment rights. See *Bridges v. Russell, 757 F.2d 1155 (11 Cir.1985)*. Federal court is not required to decline to exercise pendent jurisdiction over claim simply because it rest on state cause of action that provides adequate postdeprivation remedy necessitating dismissal of federal due process claim so long as court has jurisdiction upon other grounds. Facts alleged by inmate, including confiscation of legal material at prison, which continued despite court orders to contrary and notice to warden and other responsible officials, if true, would support finding that deprivation of property following search of inmate's cell was result of established state procedure, where correctional officers were ordered to search cell by superior, and thus, district court improperly dismissed procedural due process claim on ground of adequate postdeprivation remedies. *U.S.C.A. Const.Amend. 14*. Retaliation against inmate for filing lawsuits and administrative grievances violates both inmate's right of access to courts and inmate's First Amendment rights. *U.S.C.A. Const.Amend. 1*. Denial of motion to proceed *in forma pauperis* was fundamental equivalent to involuntary dismissal and was outside scope of magistrate's authority. *28 U.S.C.A. §§636, 636(b)(1)(A)*.

7

DISCUSSIONS III.

*Civil Rights Act (42 U.S.C.§1983)*, given of action against person who, under color of law, custom, or subjects another to deprivation of any rights, privileges, or immunities secured by Federal Constitution, has several purposes: (1) it overrides certain kinds of state laws; (2) it provides remedy where state law is inadequate; and (3) it provides federal remedy where state remedy, through adequate in theory, is not available in practice. <u>Monroe v. Pape (1961)</u>.

Court cannot dispose of *in forma pauperis* complaint by weighing its supposed subject to cross-examination, *28 U.S.C.A. §§1343, 1915(d); 42 U.S.C.A. §§§1983, 1985, 1986*. Prison Litigation Reform Act's three-claims rule did not apply to Plaintiff whose petition was pending an Act's effective date: phrase "appeal a judgment" in subsection (g) refers to initiation of appeal. <u>Chandler v. District of Columbia Dep't of Corrections (1998)</u>.

1) Determining whether pleading or motion is legally sufficient involves question of law subject to *de novo* review.

2) "*Res Judicata*" refers to preclusive effect of judgment in foreclosing relitigation of matters that should have been raised in earlier suit; federal common law *res judicata* determines preclusive effect of federal court judgment in subsequent federal court case.

3) Doctrine of *res judicata* subsequent suit if four elements are present:

    1) final judgment on merits rendered in previous suit;

2) judgment was rendered by court of competent jurisdiction;
3) parties, or those in privity with them, are identical in both cases;
4) and same cause of action is involved in both cases.

The Plaintiff states that he has been in danger since 2000, because Alabama Department of Corrections and this state government is under order from the United States Supreme Court order to reduce the over crowding conditions since 1971. The state of mind, of State Governmental Officials and Prison Officials are important to the case at bar. Courts have found a violation of the Eighth Amendment where prison officials were responsible for "the unnecessary and wanton infliction of pain." "Wanton" means malicious, or uncalled-for.

Plaintiff will show that Alabama Department of Corrections State Governmental Officials has violated clearly established law. When a treat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the filing fee for lawsuits is not required to be repaid, under Prison Litigation Reform Act, even for those prisoner who have previously filed three civil actions and do not have a penny to his name. *28 U.S.C.A. §1915(g)*. In meeting the requirements of *28 U.S.C.A. §1915(g), serious physical injuries,* Prison Officials and State Government has shown "deliberate indifference" to his serious physical need; as Plaintiff has a serious medical needs. He suffers from migraine headaches and takes medication twice daily as prescribed by doctors. Serious medical injury was not part of this

9

complaint. This court requested Plaintiff to do so. This claim will also be filed under the *American with Diabetes Act*. State Officials has caused serious physical injuries, as Plaintiff is a type one diabetic, which requires insolent twice a day under doctor's orders. Thus meeting exemption, under *28 U.S.C.A. §1915(g)*, and because Plaintiff met exemption, Plaintiff's civil action against current Prison Officials and Governmental Officials in the past was appropriate. *Bond v. Aguinaldo (2002, N.D.Ill) 228 F.Supp.2d 918*.

Plaintiff under *American with Disability Acts of (1990) 42 U.S.C.S. §§12101 et seg*, who is qualified with disability, for purposes of *American with Disability Acts of 1990 as amended (ADA)(42 U.S.C.S. §§12101-12213 et seg,)* Supreme Court cases. *143 L.Ed.2d 1133*, as Plaintiff has met the requirements of *§1915(g)*, because State Governmental Officials and Prison Officials has been deliberate indifference to serious medical needs. Mr. Sutton contends that the filing fee provisions of the PLRA violate an indigent prisoner's equal protection rights because it requires him, unlike non-incarcerated indigents, to pre-pay court filing fees. Because indigent prisoners are not a suspect class, *Rodriguez, 169 F.3d at 1179*. Two elements are necessary for recovery under terms of statue governing deprivation of civil rights; first, Plaintiff must prove that Defendant has deprived him of a right secured by the Constitution and laws of the United States, and second, he must show that Defendant deprived him of that right under color of law. *42 U.S.C.A. §1983*. *Fitzke v. Shappel, 468 F.Supp. 1072 (1972)*.

Mr. Sutton states that State Government, Alabama Department of Corrections officials has committed an inexcusable negligence, in violation of Universal Declaration of Human Rights for all 1948-1988, *Art. 1-Art. 30.*, All human beings are born free and equal in dignity and rights. They are endowed with reason and conscience and should act towards one another in a sprit of brotherhood. The Eighth Amendment's prohibition against cruel and unusual punishment requirement prison officials to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care. *U.S.C.A. Const. Amend. 8.* The Alabama Department of Corrections has been deliberate in difference in providing basic needs such as adequate food, clothing, shelter, and medical care. Kilby, Draper, and Bibb Correctional Facilities has failed to diagnose Plaintiff properly. The Tutwiler medical staff in Mississippi, diagnosed Plaintiff with migraine headaches and prescribed him with headache medication for those chronic headaches three times a day. This *is a* serious medical need. Mr. Sutton was "under imminent danger of serious physical injury" at the time he filed this cause of action *42 U.S.C. §1983*, which is essential to meeting the "imminent danger" exception of *28 U.S.C. §1915(g).* "Serious medical need" for Eighth Amendment purposes is one that has been diagnose by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognized the necessity for a doctor's attention. *U.S.C.A. Const. Amend. 8.* Plaintiff states that he has been diagnose with diabetes as his motion to proceed *in forma pauperis* should be granted. Plaintiff has shown "imminent danger and serious physical injury" as his indigent status has not changed. He does not have a

11

penny since his incarceration. **Text of 28 U.S.C. §1915 as Amendment by the PLRA, (B)(4)** as this is a *safety valve provision, In no event shall, a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.* We must keep in mind that allegations in a Pro Se complaint are to be held to less stringent standards than are pleadings drafted by an attorney, *id.,* and that all pleadings are to be construed to do substantial justice. *Fed.R.Civ.P. (8)(f).* **Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).**

The First Congress-almost all of whose members attended either the Constitutional Convention in Philadelphia or the state ratifying conventions that put the Constitution into force, and which proposed the Bill of Rights to the states-provided for filing fees by all plaintiffs. See the *Process Act of 1789, 1 Stat. 93* (setting fees in federal litigation at the same level charged by comparable state courts) (replaced by *1 Stat. 275 (1792)* setting federal fees directly). Not until 1892 was provision made for any federal litigant to proceed *in forma pauperis.* This speaks volumes about the constitutionality of filing fees; otherwise the federal courts operated unconstitutionally for their first century. When a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the filling fee for lawsuits is not required to be prepaid, under Prison litigation reform Act, even for those prisoners who have previously filed three civil action suits and do not have a penny to their name. *28 U.S.C.A. §1915(g).* **Lewis v. Sullivan, 279 F.3d 526 (7$^{th}$Cir.2002).**

12

*Meaningful Access to the Courts*, "It is now established beyond doubt that prisoners have a constitutional right of access to the courts. "*Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)*. That access must be "adequate, effective and meaningful." Id. at *822, 97 S.Ct. 1491*; see also *Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)*. (recognizing the Court's previsions extension of the right of access to the courts to "civil rights actions"). Eighth Amendment applies to states through due process clause of the Fourteenth Amendment. *U.S.C.A. Const. Amend. 8, 14.* Nonetheless, the district court has excused prepayment of eth required filing fee. The judge concluded that *§1915(g)* would be unconstitutional unless read to allow judges to dispense with prepayment whenever, in their discretion, they viewed the prisoners' claim to be substantial. *135 F.Supp.2d 954 (W.D. Wis.2001).* A dismissal is not a strike if it is impossible to tell what the basis for the dismissal was. Dismissal will not count against you unit you have exhausted or waived all your appeals. The Three Strike Provision does not apply when a prisoner is in "imminent danger of serious physical injury." To meet this requirement, the injury does not need to be so serious as to be an Eighth Amendment violation. EEOC's interpretive guidelines should be followed in determining whether individual's impairment constitutes disability within meaning of ADA *(42 U.S.C.A. §§12101 et. seq.),* and accordingly, individual's impairment should be evaluated without regard to availability of mitigating measures, so that diabetes

13

should be examined in its uncontrolled state, without use of medication, to determine if it substantially limits major life activity. *Gilday v. Mecosta County (1997, CA6 Mich)*. Serious impairment such as diabetes must be considered in its unmitigated state, and since insulin dependent diabetic would lapse into coma if deprived of insulin, insulin dependent diabetes is disability. *Gonzales v. City of New Braunfels (1999), CA5 Tex)*. Individual with insulin-dependent diabetes has disability as defined by statute since it is undisputed that without medication he would be unable to perform major life activities, would suffer various physical symptoms, and could die. *Sarsycki v. United Parcel Service (1994, W.D. Okla)*. See Plaintiff's medical records.

## CONCLUSION

Mr. Sutton contends that the filing fee provisions of the PLRA violates an indigent prisoner's equal protection rights because it requires him, unlike non-incarcerated indigents, to pre-pay court filing fees. Because indigent prisoners are not a suspect class, *Rodriguez, 169 F.3d at 1179*, and because, as discussed above, the filling fee provisions are structured so a snot to burden any "fundamental rights," we review §1915(b) under rational basis standard. See *Hampton, 106 F.3d at 1286 (citing United Sates v. Kras, 409 U.S. 434, 446, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973))*. Therefore, we must uphold the filing fee requirements if they are rationally related to a legitimate government interest. See *Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)*.

14

## VERIFICATION

In addition the initial fee can be collected "when funds exist" and monthly payments can be deducted only when the prisoner's account balance exceeds ten dollars. *Id.*, Moreover the safty-vaule provision ensures that a prisoner cannot be barred from bringing a civil action or an appeal when he or she does not have enough money to pay the initial fee. Before God, Jesus Christ, and me, the undersigned authority did appear one Mr. Ronald Sutton who did dispose that he read the penalty of perjury to the best of his knowledge, information and belief. Done this 23rd day of January 2008.

Respectfully submitted,

*Ronald Sutton*
Mr. Ronald Sutton

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the forgoing upon the Honorable Court property addressed by way of United States Postal mail on this 23rd day of January 2008.

The Honorable Justice Truman M. Hobbs
15 Lee St.
Montgomery, AL 36104

The Honorable Debra P. Hackett, Esq.,
Clerk
United States District Court
Middle District of Alabama
P.O. BOX 711
Montgomery, Alabama 36101-0711

Mr. Ronald Sutton, Pro Se
Limestone Correctional Facility
28779 Nick Davis Rd.
Harvest, Ala 35749-7009

---

[1] The plain language of *28 U.S.C. §1915(b)(4)* compels a holding that a district court cannot dismiss an IFP prisoner's case based on his failure to pay the initial fee when his failure to pay is due to the lack of funds available to him when payment is ordered. It is clear that Congress intended that, for prisoners like Mr. Sutton, whose prior account balances resulted in the assessment of an initial fee, but who presently do not have the means to pay the initial fee, the safety-valve provision should protect them from having their cases dismissed for non-payment.
   These protective provisions authorize the district court to *collect* the initial partial filing fees from prisoners *only* "when funds exist." See *28 U.S.C. §1915(b)(1)*.

15




Mr. Ronald Sutton #210657
Limestone Correctional Facility
28779 Nick Davis Road
Harvets, Alabama 35749-7009

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.

The Honorable Debra P. Hackett, Esq.,
Clerk
UNited States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

Legal Mail

```
          IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE MIDDLE DISTRICT OF ALABAMA
                        NORTHERN DIVISION
```

Mr. Ronald Sutton. Pro Se        *
                                 *
            Plaintiff,            *
                                 *
vs.                              *   Civil Action No. 2:08-CV-0003-MEF
                                 *                   [WO]
                                 *
Alabama Pardon & Paroles, et., al.  *
                                 *
            Defendant(s).         *

## SWORN AFFIDAVIT IN SUPPORT OF
## MOTION TO PROCEED IN FORMA PAUPERIS

*Comes now,* Plaintiff, Mr. Ronald Sutton, Pro Se and without founds to afford counsel, or to pay filing fees, after being sworn on oath disposes and states as follows: that Mr. Sutton is over twenty-one (21) years of age, and is of sound mind, that each issue memorandum supporting the laws cited herein or Supreme Court precedent. Plaintiff's financial status has not changed since his trial proceedings.

Under the First Amendment, Congress *shall* make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the government for a redress of grievances. Please see attached exhibits. **Sutton v. Riley** was consolidated.

### NOTARY

I Swear under the penalty of perjury that the above is true and correct to the best of my knowledge, information, and belief.
Sworn to and subscribed before me this 24th day of January 2008.

_Shirley D Moore_    06-14-09                    _Ronald Sutton_
Notary Public        My commission Expires       Mr. Ronald Sutton, Pro Se
                                                 Limestone Correctional Facility
                                                 28779 Nick Davis Rd.
                                                 Harvest, Ala 35749-7009

16