IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Mr. Ronald Sutton, Pro Se | * | |
| *Plaintiff(s),* | * | |
| vs. | * | Civil Action No. 2:08-CV-0003 |
| Alabama Pardon & Paroles, el., al. | * | [Requesting civil Joinder and or Class Certification Rules 18-20, 23 (a)(b)(1) (A)(B) of Fed.R.Civ.P.] |
| *Defendant(s).* | * | |

## JOINDER OF DEFENDANT PARTIES AND OR CLASS CERTIFICATION OF PLAINTIFFS

***Comes now,*** Mr. Ronald Sutton (hereafter "Mr. Sutton") moves this Court to **GRANT** pursuant to ***Rules 18-20, 23(a)(b)(1)(A, B), F.R.Civ.P.,*** in the above-styled action for judicial continuity, comity due to the complexity of interrelated claim(s) as a result of a conspiracy or concerted schemes between the same defendants at whose hands the plaintiff class suffers continuous-ongoing injuries, absent a[ny] other adequate State court remedy. All defendants are juridically related in a manner that suggest a single resolution of the dispute(s) raised, would be expeditiously resolved, under the doctrines of "prospective: 1) Declaratory and 2) Injunctive relief," as follows:

Plaintiff Mr. Sutton maintains, ***inter alia***, that said claim(s) against same Defendants arise out of same transactional act(s), omission(s), and inaction(s) through a complex series of civil violation under color of state law, and there remains without a doubt, both a commonality of questions of law and fact-in existence. See ***Alabama Independent Service Station Ass'n v. Shell Petroleum Corp. 28 F.Supp. 386 (DC. Ala. 1939)***; *also* ***Rules 18(a), 19(a)(d), 20(a), F.R.Civ.P.***, thus class certification-at this stage is an absolute juridical necessity, at this clerical juncture. *See* ***Rule 23(a)(b)(1)(A, B), F.R.Civ.P.***

1

Plaintiff Mr. Sutton seeks both 1) relief against same common Defendants, and 2) raises identical legal claim(s)-challenging Alabama's unconstitutional polices, procedures as-applied to, either his (a) parole eligibility, or (b) parole suitability in accord with ***Wilkinson v. Dotson, 544 U.S. 74, 161 L.Ed.2d 253, 125 S.Ct. 1242 (2005)***, and ***Greenholtz v. Nebraska Inmates, 442 U.S. 1, 60 L.Ed.2d 668, 99 S.Ct. 2100 (1979)*** for fair, proper parole 1) eligibility and/or 2) consideration, and notification(s) in accord with Federal la-as promulgated by both the Due Process Clause and Equal Protection Clause of the Fifth and Fourteenth Amendments.

The "juridical link" referred to herein, by Plaintiffs a s a suggestive and, as a requested class representation, requires joinder of defendants, and plaintiffs as a whole: the forgoing cases all involved bilateral class action suits, and may well be considered as illustrating the propriety of considering the juridical link in cases such as the one now before this Court. These cases are ***United States v. Trucking Employers, Inc., 75 F.R.D. 682 (D.D.C. 1977)***, ***Doss v. Long, 93 F.R.D. 1112 (N.D. Ga. 1981)***, ***In re Alexander Grant &Co., 110 F.R.D. 528 (S.D. Fla. 1986)***, and ***In re Computer Memories Securities Litigation, 11 F.R.D. 675 (N.D. Cal. 1986)***. While all of these cases support plaintiffs' view that in the event there is a juridical link, it is appropriate to join as a defendant a party with whom the named class representative did not have a direct contact, each of them presents a situation in which there was either a contractual obligation-within the strictures of both the U.S. Constitution or outright State statutory provisions promulgated by Legislation to have provided equal protection for, and due process procedural safeguards among all parties to hand requiring legal action(s) by the defendants. In additional to the provisions of he class action rule, ***Rule 23(b), Fed.R.Civ.P.***, this Court may also consider the rules relating to the joinder of parties either by motion or *sua sponte* by the court, which Plaintiff Mr. Sutton respectfully requests, either or both.

Assuming ***arguendo***, the following rules favor joinder, where ***Rule 18*** determines the joinder of claim(s); ***Rule 19(a)*** promotes the joinder of persons needed for just adjudication(s); ***Rule 20(a)***

2

treats the permissibility of parties, which ultimately promotes juridical economy, convenience allowing parties to be freely joined so as to resolve as many disputes as possible which relates to, as herein, the particular transaction(s), occurrence(s) involving Defendants parties as a whole, thus avoiding multiplicity of suits and inconsistent adjudications, all of which the above manifest's-in favor of comity for Class Certification under **Rule 23** et. seq. **Fed.R.Civ.P.**

**Rule 20(a)** permits all persons to join as plaintiffs in an action where (1) they assert a claim jointly, severally, or in the alternative regarding a particular transaction or occurrence (or series of transactions or occurrences) and (2) where *any* questions of law or fact common to the parties will arise in the action. Likewise, all persons against whom such claims are asserted may be joined as defendants in one action. Likewise, all persons against whom such claims are asserted may be joined as defendants in one action. Note that the term "common question of law or fact" does not refer to generic facts or law (e.g. "the law" of torts), but rather to a "fact" as a particular occurrence or event, and "law" as an application of the same legal rule or principle in a related factual setting. **Rule 20(a)** provides the court with discretion to make such orders, relieving parties joined of any embarrassment, delay, avoiding prejudice and expediting a final determination of plaintiffs' common disputes, preventing multiple lawsuits. *See* **Mosley v. General Motors Corp., 497 F.2d 1330, 8 BNA FEP Cas. 92, 7 CCH EPD 9408, 18 FR. Serv. 2d 1142 (CA8 Mo. 1974)**; **United States v. Carolina Warehouse Co., 4FRD 291 (DC. SC. 1945)**; **Fair Housing Development Fund Corp. v. Burks, 55 FRD 414, 16 FR Serv. 2d 826 (ED. NY. 1972)**; **Horton Co. v. International Tel. & Tel. Corp., 85 FRD 369, 29 FR Serv. 2d 288 (WD. Pa. 1980)**; **Pennsylvania v. Local Union 542, International Union of Operating Engineers, 27 FR. Serv. 2d 974 (ED. Pa. 1979)**; **Guedry v. Mario, 164 FRD 181, magistrates recommendation (1996, ED. La.), 1996 U.S. Dist. LEXIS 16197 (ED. La. 1995)**; **Bridgeport Music, Inc. v. 11C Music, 202 FRD 229, (MD. Tenn. 2001)**.

Wide latitude should be granted, given; under the circumstances governing Plaintiff Mr. Sutton's indistinguishable claim(s) in comparison to other present, similar civil action(s), such as: 1) 2:08-CV-0003, 2) 2:07-CV-1080-MHT, 3)2:07-CV-1123-MHT, 4) 2:07-CV-1106, and 5) 2:08-CV-22-WKW, already before this District Court in other similar *§1983* action(s). The options enumerated "**above**" promoting commonality for said parties in this instant action won't create joint liability, since permitted joinder/calss certification is procedural and not substantive, a[ny] judgment entered against one or more Defendants according to their respective liabilities, is a procedural rule concerning joinder of parties, which does not affect substantive rights of the parties. *See* ***Rule 18(a), 19(a), and 20(a), F.R.Civ.P.***

> ***Rule 18(a)*** provides in relevant part as follows:
>> "Joinder of Claims and Remedies, 'a party asserting a claim to relief as an original claim, .... may join, either as independent or as an alternative claims, as many claims, legal, equitable, ... as the party has against an opposing party.'"

**Sunderland**, *The New Federal Rules, 45 W. Va. L. Q., 5, 13 (1938), also* **Clark**, *Code Pleading 58 (2d ed. 1947)* (Permitting a party to plead multiple claims of all types against opposing part[ies]).

> ***Rule 19*** provides in relevant part as follows:
>> "Joinder of Person Needed for Just Adjudicated, '(a) <u>Persons to be Joined</u> if Feasible. A Person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall* be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) <u>the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's ability to protect that interest</u> or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court *shall* order that the person be made a party ....'"

(Emphasis added).

> Additionally, ***Rule 20*** Permissive Joinder of Parties provides in relevant part as follows:
>> "(a) *Permissive Joinder*. 'all persons may join in one action as plaintiffs if the y assert any right to relief jointly, severally, or in the alternative in

4

> respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, *any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences* fi any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(Emphasis added).

Plaintiff Mr. Sutton maintains, as does this Circuit s holdings, referring first to **Rule 19, 20, or Rule 23,** it seems clear that under the rules of *stare decisis* if these defendants/plaintiffs are not joined, or certified as a class, a decision in favor of the present defendants-against the plaintiff or the class would at least to some extent *"impair or impede"* a plaintiff's ability to protect his or her legal interest against a[ny] named defendant. See **Chiles v. Thornburgh, 865 F.2d 1197, 1212 (11<sup>th</sup>Cir.1989)**.

**Rule 23,** predicates that Class Action on one or more members-generally is required as a *"prerequisite to class action,"* as follows:

> "(a) One or more members of a class may sue as representative parties on behalf of al only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the class or defense of the class, and (4) the representative parties **(experienced counsel)** will fairly and adequately protect the interests of the class **(Plaintiffs)**.
> "(b) Class Action Maintainable: 'An action may be maintain as a class action if the prerequisite of subdivision (a) are satisfied, and in addition:
>    '(1) the prosecution of separate action by or against individual members of the class would create a risk of
>
>    '(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
>    "(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the other members not parties to the adjudications to protect their interests; or
>
>    ....'" *Id.*

5

[A]ll act(s), inaction(s), transaction(s), occurrence(s) arose out of, and are arising from a series of transactions or occurrences initiated by Defendant parties, and Plaintiffs are suffering injuriously, absent judicial intervention of Federally protected Constitutional rights, due to State impediment involving the same question(s) of law and fact, therefore this Court must likewise conclude joinder and/or class certification is adequately proper. See **U.S. Constitution, Article III, §2**.

Plaintiff Mr. Sutton requests that this Court "take judicial notice" of *"ongoing & continuing violations,"* of both Constitutional violations and State law regarding Plaintiffs 1) Willie Lee White, #140147 @ 2:07-CV-1080-MHT; 2) Johnny Brown, #110326 @ 2:07-CV-1123, Magistrate Coody; 3) Patrick J. Charest #182262 @ 2:07-CV-984-MHT, before Magistrate S. Walker; 4) Bernies Burnett, #132146 @ 2:08-22-WKW, before Magistrate Moorer 5) Anthony Carey, #152763 @ 2:07-CV-1106, before Magistrate C. Coody-have individually, collectively challenged the Defendants flagrant "procedural-substance" right violations and share a commonality in the outcome of the controversy as to the concrete adverseness, which sharpens the presentation of issues upon which [a] court so largely depends for illustration of difficult... questions[.]", as the three "current pending claims before this Honorable Court. **Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)**.

***Wherefore premises shown***, Plaintiff Mr. Sutton request for emergency joinder and/or class certification under the circumstances ascribed above, hereinafter for juridical efficiency, as a matter of right. Done so this January 26, 2008.

Respectfully submitted,

Mr. Ronald Sutton, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, placed said same instant motion in the U.S. mailbox properly addressed to Honorable Debra Hackett, P.O. Box #711, Montgomery, Alabama 36101-0711.
Done so this January 26, 2008.

Respectfully submitted,

Mr. Ronald Sutton, Pro Se
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

6

Mr. Ronald Sutton #210657
Limestone Correctional Facility
28779 NIck DAvis Road
Harvset, Alabama 35749-7009



The Honorable Debra P. Hackett, Esq.,
District Court Clerk
UNited States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

Legal Mail